UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

---

| | |
|---|---|
| JMAC ENERGY SERVICES LLC, | Case File No: 1:24-cv-00080-DLH-CRH |
|     Plaintiff/Counter-Defendant/Counter Plaintiff, | |
| v. | |
| BADGER MINING CORPORATION; ATHABASCA MINERALS INC., | |
|     Defendants/Counter-Plaintiffs/Third-Party Plaintiff/Counter-Defendants | |
| v. | |
| JON MCCREARY, and TODD ERICKSON, Third-Party Defendants. | |

---

## SCHEDULING/DISCOVERY PLAN

Pursuant to Rule 26(f), counsel for the Parties certify that on **September 10, 2024**, they conferred by telephone to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring in good faith, counsel for the parties have agreed upon the following:

(1)    The parties shall make by **11/18/2024** Rule 26(a)(1) initial disclosures, summarized as follows:

The Parties initial disclosures will conform to the requirements set forth in Fed. R. Civ. P. Rule 26(a)(1)(A).

(2) The parties propose the following discovery plan:

    (a) Discovery will be needed on these subjects:

        i. The allegations set forth in the pleadings;

        ii. Damages claimed by the parties;

        iii. Defenses set forth by the parties;

        iv. The Operating Agreement of AMI Silica LLC (the "Operating Agreement") and the Amendment to the Operating Agreement for AMI Silica LLC (the "Operating Agreement Amendment");

        v. Athabasca Minerals Inc.'s ("Athabasca") Canadian bankruptcy proceedings (the "Athabasca Bankruptcy Case");

        vi. Athabasca's and its affiliates' assets and liabilities prior to the Athabasca Bankruptcy Case;

        vii. The sales and investment soliciation process regarding Athabasca's and its affiliates' business and assets, including the auction conducted on February 9, 2024;

        viii. Athabasca's relationship with Badger Mining Corporation;

        ix. The negotiation, interpretation, and adherence to AMI Silica, LLC's Operating Agreement and the Operating Agreement Ammendment;

        x. The civil proceeding filed in the District Court of North Dakota, captioned as *JMAC Energy Services LLC*, Case No. 1:24-cv-0037-DMT-CRH (D. N.D.) and JMAC's cross-application filed in the Athabasca Bankruptcy Case;

31867163.3

      xi. Communications between JMAC, including its agents and affiliates, and Buffalo Rail & Infrastructure Corp. ("Buffalo Rail") related to the Pre-Development Agreement with Buffalo Rail;

      xii. JMAC's, or its affiliates', alleged sales or contracts of sales of sand to third parties;

      xiii. JMAC's alleged or allegedly proposed use of of railcars provided by AMI Silica LLC; and

      xiv. Any other matter within the scope of Fed. R. Civ. P. 26(b)(1).

(b) Disclosure, discovery, or preservation of electronically stored information should be handled as follows:

The parties anticipate the disclosure and discovery of electronically stored information and agree to provide such information in a format reasonably useable and mutually agreed upon. The parties will collaborate on the preparation of a mutually accepted electronically stored information ("ESI") protocol. Currently, each party expects to bear the costs of their own production of documents.

(c) The parties have discussed any issues regarding preservation of discoverable information as follows:

The Parties have agreed to produce electronically stored information in accordance with the ESI protocol referenced above.

(d) The parties have discussed possible need for a protective order as follows:

Due to the confidential nature of many documents likely to be produced in this case, as well as the substantial number of documents likely to contain trade secrets, the Parties anticipate that many of the documents in this case will need to be covered by a protective order to be agreed

31867163.3

upon by the Parties. Further, the Parties anticipate that the protective order shall include terms allowing for the designation of certain sensitive documents as "Confidential" and "Attorneys' Eyes Only". The Parties will jointly file a proposed order with the Court detailing the terms of the protective order.

>   (e)   If this is a case that will involve the discovery of medical, mental health, employment, education, tax, or workers compensation records, the parties have agreed to the following with respect to who will secure these records and how the discovery of the records will be handled (*it will not be a sufficient answer that the parties have not addressed the issue or it will be considered later*):

The Parties do not anticipate that any of the above categories of information will be involved during the discovery phase of this lawsuit.

>   If the parties have not reached an agreement all or in part, the following is what the parties have not been able to agree to and the reasons why (*if applicable, this section must be completed*):

None.

>   (f)   The parties have discussed privilege logs, including information to be included about documents over which privilege is asserted and any categories of documents which the parties agree need not be identified in privilege logs:

The parties agree that the inadvertent disclosure of privileged or otherwise protected material shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) or as specified in any protective order entered herein. The parties further agree that a party need not provide a privilege log for communications with legal counsel in this action after March 1, 2023.

(g) The parties have agreed to the following maximum number of interrogatories **per party**:

Each party will be permitted to serve 35 interrogatories.

(h) The parties have agreed to the following maximum number of requests for admissions **per party**:

Each party will be permitted to serve requests for admission in accordanace with the Federal Rules of Civil Procedure.

(i) The parties have agreed to the following maximum number of requests for production of documents **per party**:

Each party will be permitted to serve requests for production of documents in accordance with the Federal Rules of Civil Procedure.

(j) The parties have agreed to the following maximum number of depositions **per party**:

Each party will be allowed to take depositions in accordance with the Federal Rules of Civil Procedure.

(k) The parties have discussed possible need for depositions of organizations pursuant to Rule 30(b)(6) and, as required by that rule, will confer in advance of any depositions of organizations about topics on which testimony is requested.

(l) The parties have agreed any depositions taken only for presentation at trial will be completed at least __25__ days prior to trial.

(m) The parties have agreed that all fact discovery will be completed by the following deadline, with all discovery pursuant to Rules 33, 34, and 36 to be served a minimum of thirty-three (33) days prior to the deadline:

**5/1/2025**

(n) The parties have agreed on the following deadline for discovery motions:

**5/1/2025**

(o) An appropriate time for a mid-discovery status conference would be: **3/3/2025**

(p) The parties have agreed on the following deadlines for exchanging complete expert witness reports:

**4/1/2025**   for plaintiff(s);

**4/1/2025**   for defendant(s); and

**5/16/2025**  for any rebuttal experts.

(q) The parties have agreed on the following deadline to complete discovery depositions of expert witnesses:

**7/16/2025**

(3) The parties have agreed to the following deadlines for filing motions:

**2/1/2025**   motions to join additional parties;

**2/1/2025**   motions to amend pleadings;

**7/1/2025**   nondispositive motions (e.g. consolidation, bifurcation); and

**7/1/2025**   dispositive motions (e.g. summary judgment).

(4) The parties have discussed alternative dispute resolution and plan as follows:

☐   A court-hosted settlement conference;

☐   Private mediation; or

☐   Other (explain):

31867163.3

(5) The parties shall be ready to evaluate the case for settlement purposes by:

**4/15/2025**

(6) The parties **will not** waive their rights to proceed before a district judge and consent to have a magistrate judge conduct all further proceedings in the case, including the trial, and order for entry of a final judgment.

(7) Trial of this case will be **jury**.

(8) The estimated length of trial is 7 days.

Dated this 20th day of November, 2024.

By: */s/David R. Konkel*
David R. Konkel
WI State Bar No. 1097244
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: dkonkel@gklaw.com

*Attorneys for Athabasca Minerals, Inc.*

By: */s/Hugh D. Brown*
Hugh D. Brown
MN State Bar No. 390969
FABYANSKE, WESTRA, HART & THOMPSON P.A.
333 South Seventh Street, Suite 2600
Minneapolis, MN 55402
Phone: 612-359-7600
Fax: 612-359-7605
Email: hbrown@fwhtlaw.com

*Attorneys for JMAC Energy Services LLC*, Jon *McCreary*, and *Todd Erickson*

31867163.3

## ORDER

The court **ADOPTS** the parties' scheduling/discovery plan without any additions or modifications.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
